IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NORMA HOUSTON | ) | |
| *ex rel.* LOIS FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-01173-JDB-egb |
| | ) | |
| | ) | |
| BANKERS LIFE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On referral to this Court for determination and/or report and recommendation is Plaintiff's Motion to Modify Agreed Preliminary Injunction [D.E.88] and Plaintiff's Second Motion to Amend/Correct/Modify/Revise Agreed Preliminary Injunction [D.E.105]. Defendant has responded in opposition [D.E.137].

This Court held a hearing on these motions on November 22, 2010.  Presenting arguments were attorneys Lewis Cobb and Drew Farmer for Plaintiff and Paul Bolus and Gary Howard for Defendant.  From these arguments, it appears to the Court that Plaintiff's first motion is moot. There is no disagreement between the parties that Defendant properly continues to pay Mrs. Farmer's monthly long-term care expenses (to the extent and manner provided for by the terms of her insurance policy) directly to the nursing home. The nursing home then reimburses Medicaid and /or TennCare. As such, the Magistrate Judge recommends that Plaintiff's motion [D.E.88] be found moot.

The Court next turns to the Plaintiff's second motion to modify the Agreed Preliminary Injunction [D.E. 21]. As of the date of this hearing, November 22, 2010, the parties agreed that

some one-hundred fifty (150) days of payments remained in Mrs. Farmer's policy with Defendant. It is also the understanding of this Court that the continuation of Medicaid/TennCare payments for Mrs. Farmer's long term care will be unaffected by the expiration of her policy benefits.  In other words, Mrs. Farmer's care is established and will continue regardless of this injunction.

The injunction at issue was an <u>agreed</u> one between these parties, but now the Defendant does not agree to any further modification.  Therefore, the Court must consider whether the circumstances now warrant, in effect, permitting Plaintiff to unilaterally amend the current injunction. Under these circumstances, this Court does not believe it is necessary or needed. As Defendant now argues, this effort is premature and not ripe for adjudication, since payments are being made. But even when the policy payments are exhausted, it seems clear that Mrs. Farmer will be able to remain in the same position she is in now, unaffected by any dispute(s) with Defendant over the terms and conditions of her policy or the policy limits. Should Plaintiff prevail later, then Defendant would be liable to pay. But, none of the current scenarios merit the modification or extension of the existing agreed injunction. Thus, the Magistrate Judge recommends that Plaintiff's second motion to amend [D.E.105] be denied.

Respectfully submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  **December 3, 2010**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**